# THE FULTON FIRE INSURANCE COMPANY *v.* CHARLES J. BALDWIN.

*Demurrer—Grounds of Objection—Capacity to sue—Waiver—Assignment of Cause of Action—Contractor for repairing Canal—Liability.*

Where a party, by his contract bound to keep a particular section of the public canal in repair and in good navigable condition, wilfully neglects to remove obstructions to navigation on such section, and by reason whereof a party navigating said canal is damaged, said contractor is liable in a proper action for such damage.

Such cause of action against the contractor is assignable, and vests in the assignee a right to prosecute his action for such damages.

Under a demurrer to the complaint stating for cause only, that the complaint does not state facts sufficient to constitute a cause of action, the Defendant cannot object, on the hearing, that the Plaintiff has not legal capacity to sue.

THIS case comes before the Court on a demurrer to the complaint, and by an appeal from a judgment of the General Term of the Supreme Court in the Third District, affirming a judgment of the Special Term of that Court, sustaining the Defendant's demurrer to the complaint of the Plaintiffs.

The complaint alleges that the Defendant, on or about the 29th day of December, 1859, made and entered into a contract, in writing, with the People of the State, through the Canal Board, whereby he agreed, for the term of three years from the 4th of March, 1860, to keep in good repair, and well bottomed out to its original base or bottom line, free from obstructions, and in good navigable condition, during the season of navigation, all that portion of the Erie Canal known and distinguished as repair section No. 2, and which included the West Troy side-cut; and he further agreed, that in case of any casualty that might obstruct navigation, he would give immediate notice to the Canal Commissioner in charge, and employ such force upon the repair as would insure its completion at the earliest possible moment; that such contract provided for the compensation to be paid by the State; that he entered upon the performance of the contract and

received compensation therefor; that on the 18th of November, 1862, a canal-boat was casually sunk in that part of repair section No. 2 known as the West Troy side-cut, and within the section which the Defendant had contracted to keep in repair and clear of obstructions, and that due notice of such obstruction was given to the Defendant; that he neglected to remove the same, but negligently suffered the same to be an obstruction to navigation, at the place aforesaid, till the close of navigation of that year; that subsequent to said obstruction, and on the 25th day of the same month, and after the lapse of sufficient time for the removal thereof by the Defendant, the canal-boat J. Van Buren, Jr., loaded with wheat, belonging to one J. Van Buren, Jr., was proceeding to New York, from Oswego, and, without fault on the part of those in charge of it, ran foul of said sunken canal-boat, and was thereby sunk, injuring the cargo aforesaid to the extent of over $7,000; that the Plaintiffs were at this time insurers of said cargo, by a policy containing a provision that if loss or damage to said cargo should be occasioned by any other person or persons, in such a manner that such person or persons should be liable therefor, that all such claims should be assigned to the Plaintiffs; that the Plaintiffs had paid to the said Van Buren the amount of the loss, and had obtained from him an assignment, in writing, whereby, in consideration aforesaid, and of one dollar, he did assign, transfer, and set over to the Plaintiffs, all claim or rights of action he had against the Defendant, for or on account of the matters aforesaid.

The Defendant states a single ground of demurrer, to wit: that the complaint does not state facts sufficient to constitute a cause of action.

The Defendant does not complain in his demurrer that the Plaintiffs are not incorporated, and have not legal capacity to sue.

*S. Hand* for the Appellants.

*J. W. Townsend* for the Respondent.

MASON, J.—The case of Robinson *v.* Chamberlain (34 N. Y. R.

389) is in point, and decides that the Defendant, as contractor for repairs, upon the facts stated in this complaint, is liable for the injury complained of, and must respond in damages therefor.

This cause of action is assignable. It was decided in the case of McKee *v.* Judd (2 Kern. R. 622) that a right of action for the wrongful taking and conversion of personal property was assignable, and that under the Code of Procedure the assignee can recover upon the same in his own name.

The case of Waldron *v.* Willard (17 N. Y. R. 466) holds that a cause of action against a common carrier, to recover damages sustained by the Plaintiff to his goods shipped upon the Defendant's boats, and which were sunk on the Hudson River, on their passage up, was assignable. The same is affirmed in the case of Merrill v. Grinnell (30 N. Y. R. 594), where the general principle is re-affirmed, that a right of action against a common carrier, to recover the value of property entrusted to him, was assignable.

It is only necessary to state the action against the Defendant in this case, to show that it is assignable.

The Defendant, under his contract with the State, to keep this section of the Erie Canal in repair and free from obstructions, owed a duty to perform it, and which enured to the benefit of every citizen in the State who might have occasion to use the canal; and the Defendant's neglect to remove this obstruction, in disregard of the duty which he owed to all who might be concerned in the navigation of the canal, rendered him liable in this action.

The action is, in short, to recover for a loss of property sustained by the Plaintiff's assignor, in consequence of the Defendant's negligence, in suffering this sunken canal-boat to impede the navigation of the canal, and endanger the property of those navigating it.

The only remaining question in the case is, whether the Defendant, under this demurrer, specifying only one ground of objection to the complaint, and which is that the complaint does not state facts sufficient to constitute a cause of action, can insist

on the objection that the Plaintiffs are not incorporated, and have not capacity to sue.

There are six grounds of demurrer to the complaint allowed by the Code. The first is, "*that the Court has no jurisdiction of the person of the Defendant, or the subject of the action.*"

The second is, "*that the Plaintiff has not legal capacity to sue.*"

And the sixth is, "*that the complaint does not state facts sufficient to constitute a cause of action*" (Code, § 144). The 145th section declares that the demurrer shall specify the grounds of objection to the complaint, and that unless it do, it may be disregarded. And section 147 provides, that when any of the matters enumerated in section 144 do not appear upon the face of the complaint, the objection may be taken by answer. And then comes in section 148, which declares that if no such objection be taken, either by demurrer or answer, the Defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the Court, and the other objection, that the complaint does not state facts sufficient to constitute a cause of action.

The complaint, in this case, states a good cause of action in favor of John Van Buren, Jr., against the Defendant, and a valid assignment and transfer of that cause of action to the Plaintiffs ; and the omission in the complaint to allege that the Plaintiffs are incorporated and have capacity to sue, cannot be taken advantage of by the Defendant, on this demurrer, because of his omission to specify this ground of objection to the complaint.

There is no force or meaning to language, or this omission to specify this ground of objection to the complaint operates as a waiver of the objection.

The 144th section recognizes six distinct grounds of demurrer to the complaint, and the 145th section declares that the demurrer shall distinctly specify the grounds of objection to the complaint, and the 148th section declares that if no such objection be taken the Defendant shall be deemed to have waived the same, except the objection to jurisdiction, and that the complaint does not state facts sufficient to constitute a cause of action.

The complaint states a good cause of action, and that the Plaintiffs have become the owners of it by a valid transfer thereof to them, but does omit to allege that the Plaintiffs are a corporation having capacity to sue.

This objection must, therefore, be regarded as waived.

It is just and reasonable that the rule should be so. If this objection to the complaint is well taken, and the Defendant had specified this ground of demurrer, the Plaintiffs would most probably have amended their complaint, and inserted proper averments to show them a corporation having authority to sue.

It is a question, to say the least, whether such an allegation in the complaint is necessary, and whether the statute does not relieve the Plaintiffs from alleging it, as it does from proving it, unless the Defendant set it up in his demurrer (2 R. S. 458, § 3).

The judgment of the Supreme Court must be reversed, and judgment given for the Plaintiffs on the demurrer, with leave to the Defendant to answer on the payment of the costs of the demurrer in this Court, and in the Supreme Court.

The language of section 172 seems to confine the power to allow the party to plead over, after a demurrer has been overruled, to the Supreme Court. Its language is, that *" after the decision of a demurrer, either at a General or Special Term, the Court may, in its discretion, if it appear that the demurrer was interposed in good faith, allow the party to plead over upon such terms as may be just "* (Code, § 172).

This demurrer was sustained in the Supreme Court, and consequently that Court had no opportunity to exercise their discretion in this case, and it is the duty of this Court to give such judgment in this case as that Court should have given, and the power of this Court to give it on this appeal is not doubted.

As an Appellate Court, our duty is to give such a judgment as the Court below ought to have given, and the power of this Court to do it is ample and unquestionable. There is sufficient evidence of good faith in the Defendant, in interposing this demurrer, when it is borne in mind that the demurrer in this case was interposed after two decisions in the Supreme Court holding

the Defendant not liable upon the facts stated in this complaint; and besides, the Supreme Court, both in Special and General Term, sustained this demurrer.

The Defendant must have leave to plead over.

All concur.

Judgment reversed, and Defendant has leave to plead over.